J-A18031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD STOBODZIAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PNC FINANCIAL SERVICES GROUP, T/D/B/A PNC BANK, N.A.; ZAORSKI-YAROSZ ASSOC. T/D/B/A VARSITY LAWN CARE, AND Y & E LANDSCAPTING, T/D/B/A VARSITY LAWN CARE | |
| v. | |
| JOHN RECKLITIS, INDIVIDUALLY AND/OR D/B/A J & J. SNOWPLOWING, JASON SAMLER, INDIVIDUALLY AND/OR D/B/A J & J SNOWPLOWING | |
| Appellees | No. 33 MDA 2014 |

Appeal from the Judgment Entered January 3, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 15208-2010

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 05, 2014**

Edward Stobodzian appeals from the judgment entered on January 3, 2014 in the Court of Common Pleas of Luzerne County in favor of Appellees.[1]

Upon review, we affirm.

_____

[1] Stodbodzian purports to appeal from the trial court's order denying his post-trial motions.  Such orders are interlocutory and generally not appealable.  **Brown v. Philadelphia College of Osteopathic Medicine**, 760 A.2d 863, 865 (Pa. Super. 2000).  Stobodzian filed his notice of appeal
*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history as follows:

> [Stobodzian] initiated this matter by filing a Complaint against [PNC Bank], Zaorski-Yaroza Associates, t/d/b/a Varsity Lawn Care and Y&E Landscaping, Inc., t/d/b/a Varsity Lawn Care on November 5, 2010. [Stobodzian's] complaint was based on negligence [that caused] a slip and fall occurring on February 12, 2010 in the parking lot of the PNC Bank in Hazleton. In his complaint, [Stobodzian] alleged that he slipped on an accumulation of snow/ice while lawfully on the premises of PNC Bank to deliver coins in connection with his job duties.
>
> On January 10, 2011, [John Recklitis, Jason Samler and J&J Snowplowing] were joined as additional defendants. A trial commenced on September 30, 2013.

Trial Court Opinion, 11/27/13, at 1.

> There was uncontradicted testimony at trial regarding the snowfall in the Hazleton area on February 10 and 11, 2010. Jason Samler, a co-owner of the Additional Defendant, J&J Snowplowing, testified that the snowfall on February 10, 2010 was approximately 22 inches. He also testified that it had stopped snowing on the morning of February 11, 2010. The other owner of J&J Snowplowing, John Recklitis, testified that the snowstorm began on February 10, 2010 and ended by 9:00 a.m. on February 11, 2010.
>
> During trial [Stobodzian] was cross-examined regarding answers to interrogatories he had previously provided. In response to an interrogatory regarding the condition of the plot, [Stobodzian] responded: "There was an accumulation of snow and ice on the ground of the bank's premises. Conditions in the parking lot and walkways were snow-covered. There was a base of ice under

*(Footnote Continued)* ───────────────

on December 18, 2013; however, judgment on the verdict was not entered until January 31, 2014. Because a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction, we may review his claim. **See Drum v. Shaull Equipment and Supply Co.**, 787 A.2d 1050 (Pa. Super. 2001).

- 2 -

the snow." During his deposition, [Stobodzian] testified that he saw "slush, snow mixture on the ground; ice, you know." He also testified that "when you pulled in, you noticed white on the ground."

*Id.* at 4.

After two days of testimony, the jury rendered a verdict against [Stobodzian] and determined that none of the Defendants or Additional Defendants were negligent.

On October 9, 2013, [Stobodzian] filed a Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial and Brief. All Defendants responded to the Motion and submitted briefs or memorandums in support of their responses.

*Id.* at 2.

On November 27, 2013, the trial court denied Stobodzian's motions for judgment notwithstanding the verdict and a new trial. This timely appeal followed.

On appeal, Stobodzian presents a single issue for our review: "Whether [he] was unduly prejudiced [by] the misuse of Jury Instruction No. 25, which provided the jury with instructions that gave [Appellees] the benefits of an owner's duty of care with regards to snow/ice abutting a walking surface, commonly referred to as the 'hills and ridges doctrine.'"[2] Brief of Appellant, at 4.

Our standard of review in examining jury instructions

_____

[2] The hills and ridges doctrine is a long-standing and well-entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to accumulate unreasonably in ridges or elevations. *Harmotta v. Bender*, 601 A.2d 837, 842 (Pa. Super. 1992).

is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Because this is a question of law, this Court's review is plenary. In reviewing a challenge to a jury instruction, the entire charge is considered, as opposed to merely discrete portions thereof. Trial courts are given latitude and discretion in phrasing instructions and are free to use their own expressions so long as the law is clearly and accurately presented to the jury.

*Cooper ex rel. Cooper v. Lankenau Hosp.*, 51 A.3d 183, 187 (Pa. 2012) (citations omitted). Error in a charge is a sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. *Stewart v. Motts Radiator*, 654 A.2d 535, 540 (Pa. 1995). A charge will be found adequate unless "the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error." *Stewart*, *supra*, (quoting *Voitasefski v. Pittsburgh Rys. Co.*, 69 A.2d 370, 373 (Pa. 1949)).

In the present case, the trial court charged the jury with Pa. SSJI (Civ) 18.90, which describes an owner's duty of care regarding snow or ice abutting a walking surface, commonly referred to as the hills and ridges doctrine. The instruction read as follows:

One in possession of land is required to remove ice and snow that has accumulated on the pubic walking surface abutting his or her property within a reasonable time after he or she is on notice that a dangerous condition exists. To establish liability upon the landowner, the plaintiff must prove that each of the following three essentials was present: First, that ice and snow had accumulated on the walking surface in ridges or elevations that unreasonably obstructed travel and were a danger to persons traveling on the walk. Second, that the defendant

- 4 -

property owner knew or should have known of the existence of such conditions. Third, that it was the dangerous accumulation of ice and snow that caused the plaintiff to fall.

N.T. Trial, 10/02/13, at 107.

At trial, all parties testified to the generally slippery conditions in the community on the day in question. Specifically, Jason Samler of J&J Snowplowing testified that the snowstorm resulted in approximately 22 inches of snow, and that the roads were "deplorable." N.T. Trial, 9/30/13, at 128, 137. In addition, John Recklitis of J&J Snowplowing testified that the snowstorm was "very bad," resulting in "white-out conditions" and a "state of emergency." *Id.* at 156. Stobodzian also testified, stating that on the day of the accident the snow came up to the sole of his boot and was a mixture of dark gray ice and snow. *Id.* at 171. Based on this uncontradicted testimony establishing generally slippery conditions resulting from an entirely natural accumulation of snow and ice, the trial judge instructed the jury on the hills and ridges doctrine. Trial Court Opinion, 11/27/13, at 4.

Stobodzian argues that the trial court erred in instructing the jury on the hills and ridges doctrine because the snow and ice complained of was the result of an artificial condition created by human intervention. *See Harvey v. Chamberlain*, 901 A.2d 523 (Pa. Super 2006) (hills and ridges doctrine only applies in cases where snow and ice complained of are result of entirely natural accumulation). In support of his argument, Stobodzian points to

trial testimony describing how vehicles pulling into the parking lot would drag snow and slush in with them.

Our review of the trial transcript reveals several witnesses did testify that cars could drag slush from the road into the parking lot, N.T. Trial, 9/30/13, at 96, 102, 114, 144. However, this slush was primarily located at the ingress/egress of the parking lot. *Id.* We agree with the trial court that Stobodzian's deposition testimony and answers to interrogatories supported a hills and ridges instruction, as did the testimony of the other witnesses who testified at trial. Trial Court Opinion, 11/27/13, at 4. Although Stobodzian sought to argue at trial that the slush in the parking lot was an artificial condition created by human intervention, uncontradicted testimony established that generally slippery conditions existed in the community due to a natural accumulation of snow on the day Stobodzian fell. Therefore, a hills and ridges instruction was appropriate. Accordingly, the trial court did not commit an abuse of discretion or an error of law controlling the outcome of the case. *Cooper ex rel. Cooper*, *supra*.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

- 6 -